## No. 148.

### THE STATE OF LOUISIANA VS. HENRY JACKSON.

Where in a trial for murder a juror stated on his *voir dire*, that he lived in the neighborhood of the plantation where the homicide was committed and heard of the facts attending it immediately after its occurrence, and had formed and expressed an opinion concerning it, and that opinion was against the accused; and that the deceased was a close friend of his, and is thereupon challenged for cause by the accused, and the challenge overruled, and he is sworn as a juror, the peremptory challenges of the accused being exhausted,

*Held :* That the ruling was erroneous and so much to the prejudice of the defendant as to vitiate the verdict.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney,* J.

*J. E. Ransdell,* District Attorney, for the State, Appellee.

*J. M. Kennedy* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant tried for murder, was convicted of manslaughter and sentenced to fifteen year's imprisonment at hard labor.

Among other grounds urged in support of his appeal, he complains of a ruling made by the trial judge to his prejudice in the empanelling of the jury, touching the competency of one of the jurors.

This juror, one Lewis Henderson, was called and sworn on his *voir dire* and stated substantially that he had heard all the facts and circum stances respecting the killing, just after it was done, and had formed and expressed an opinion, and that was against the accused, and that

the deceased was a close personal friend of his, but that, notwithstanding all this, he could give the accused a fair trial, etc. He was challenged for cause by counsel for the accused, and the challenge overruled; and he was sworn as a juror and sat upon the trial of the case. All the peremptory challenges of the accused having been previously exhausted.

We think the ruling was wrong, and the accused was seriously prejudiced thereby. We can scarcely conceive it possible that a man should have no bias against one whom he firmly believed had wantonly killed his close friend, or that he could be perfectly fair and impartial as a juror sitting on his trial for the killing. If the law permitted one thus circumstanced to pass upon and determine the guilt or innocence of an accused, we might well believe that the constitutional guarantee of a fair and impartial trial for all charged with crime, was the veriest mockery.

This Court has frequently held that one was not incompetent as a juror, because he may have formed and expressed an opinion of the guilt or innocence of the prisoner; provided, there was an assurance that such opinion would yield to evidence and was unaccompanied by prejudice, but it has never gone so far as to declare him competent when that opinion, formed in a case of homicide for instance, was coupled with a close friendship for the deceased, or other like conditions calculated to wield a potent influence over the mind and judgment.

For these reasons it is ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed and the verdict set aside, and the cause remanded to be proceeded with according to law.